UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.: 2:12 cr 274-1 |
| | : | |
| v. | : | Filed: |
| | : | |
| DSBD, LLC, | : | Violation: 15 U.S.C. § 1 |
| | : | |
| Defendant. | : | |

---

## PLEA AGREEMENT

The Antitrust Division of the United States Department of Justice and the defendant, DSBD, LLC ("DSBD"), a corporation organized and existing under the laws of State of New Jersey, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P.").

### AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

1.  DSBD will waive indictment pursuant to Fed. R. Crim. P. 7(b) and plead guilty in the United States District Court of New Jersey to a one-count Information, in the form attached, in which it is charged with one count of violating 15 U.S.C. § 1 in connection with a conspiracy to rig bids at certain auctions for tax liens conducted by municipalities within the District of New Jersey from at least as early as the beginning of 2005 until approximately February 2009.

## **DEFENDANT'S COOPERATION**

2.     DSBD will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the purchase of municipal tax liens in the State of New Jersey, as well as any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively referred to herein as "Federal Proceeding"). The ongoing, full, and truthful cooperation of DSBD shall include, but is not limited to:

(a) producing to the United States all non-privileged documents, information, and other materials, wherever located, in the possession, custody, or control of the defendant, requested by the United States in connection with any Federal Proceeding;

(b) bringing to the attention of the United States all crimes which it has committed, and all administrative, civil, and/or criminal proceedings, investigations, or prosecutions in which it, to its knowledge, is or has been a subject, target, party, or witness;

(c) responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d) otherwise voluntarily providing to the United States any materials or information, not requested in (a)-(c) of this paragraph, that is related to any Federal Proceeding; and

(e) committing no further crimes whatsoever.

## GOVERNMENT'S AGREEMENT

3.  Subject to the full, truthful, and continuing cooperation of the defendant, as described in Paragraph 2 of this Agreement and upon the Court's acceptance of the guilty plea called for by this Agreement, the United States will not bring further criminal charges against DSBD for any act or offense committed prior to the date of this Agreement that was in furtherance of any agreement to rig bids at municipal tax lien sales or auctions in the State of New Jersey. The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal securities laws, or to any crime of violence.

4.  It is understood that this Agreement does not bind any other federal agency or local prosecuting authority or administrative agency other than the Antitrust Division of the United States Department of Justice. However, if requested, the United States will bring the fact, manner and extent of the cooperation of DSBD to the attention of other prosecuting, administrative, and other agencies as a matter for such agencies to consider as appropriate.

## POSSIBLE MAXIMUM PENALTIES

5.  DSBD understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is:

    (a) $100 million (15 U.S.C. § 1);

    (b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. §§ 3571(c) and (d)); or

    (c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. §§ 3571(c) and (d)).

6.  In addition, the defendant understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to U.S.S.G. § 8B1.1 of the United States Sentencing Guidelines or 18 U.S.C. §§ 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

7. DSBD understands that the United States Sentencing Guidelines ("Sentencing Guidelines") are advisory, not mandatory, but that the Court must consider the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing a sentence. DSBD understands that the Sentencing Guidelines determinations will be made by the Court by a preponderance of the evidence standard. DSBD understands that although the Court is not ultimately bound to impose a sentence within the applicable Sentencing Guidelines range, its sentence must be reasonable based upon considerations of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

8. DSBD understands that the sentence to be imposed on it is within the sole discretion of the sentencing judge. It is understood that the Sentencing Guidelines are not binding on the Court. DSBD acknowledges that the entry of its guilty plea to the charged offense authorizes the sentencing court to impose any sentence up to and including the statutory maximum sentence. The United States cannot and does not make any promises or

representations as to what sentence DSBD will receive. DSBD understands that, as provided in Fed. R. Crim. P. 11(c)(3)(B), if the Court does not impose a sentence consistent with either parties' sentencing recommendation, it nevertheless has no right to withdraw its plea of guilty. The United States will inform the Probation Office and the Court of (a) this Agreement; (b) the nature and extent of DSBD's activities with respect to this case, and all other activities of DSBD which the United States deems relevant to sentencing; and (c) the timeliness, nature, extent and significance of DSBD's cooperation with the United States. In so doing, the United States may use any information it deems relevant, including information provided by DSBD both prior and subsequent to the signing of this Agreement. The United States reserves the right to make any statement to the Court or the Probation Office concerning the nature of the offense charged in the attached Information, the participation of DSBD therein, and any other facts or circumstances that it deems relevant. The United States also reserves the right to comment on or to correct any representation made by or on behalf of DSBD, and to supply any other information that the Court may require.

9. If the United States determines that DSBD has provided substantial assistance in any Federal Proceeding, and has otherwise fully complied with all of the terms of this Agreement, it will file a motion, pursuant to U.S.S.G. § 8C4.1, to recommend a downward departure for the substantial assistance DSBD provided to the United States. The United States and DSBD further agree that the fine to be imposed is within the sole discretion of the sentencing judge, but that the Court may consider the factors set forth in U.S.S.G. § 8C3.3(b) in determining DSBD's ability to pay a fine. The United States and DSBD are free to recommend or argue for any specific sentence to the Court.

10. DSBD understands that this Agreement does not in any way affect or limit the right of the United States to respond to and take positions on post-sentencing motions or requests for information that relate to the reduction or modification of its sentence.

11. DSBD acknowledges that the decision whether it has provided substantial assistance in any Federal Proceeding is within the sole discretion of the United States. It is understood that should the United States determine that DSBD has not provided substantial assistance in any Federal Proceeding, such a determination will release the United States from any obligation to file a motion pursuant to U.S.S.G. § 8C4.1, but will not entitle DSBD to withdraw its guilty plea once it has been entered. DSBD further understands that whether or not the United States files its motion pursuant to U.S.S.G. § 8C4.1, the sentence to be imposed on it remains within the sole discretion of the sentencing judge.

12. DSBD acknowledges that two of its Members, David M. Farber and David Butler, have each executed a Guarantee to ensure payment of any corporate fine the Court may impose. Copies of the executed Guarantees are attached hereto as Exhibit A and Exhibit B and are incorporated into this Agreement by reference.

## REPRESENTATION BY COUNSEL

13. DSBD has reviewed all legal and factual aspects of this case with its attorney and is fully satisfied with its attorney's legal representation. DSBD has thoroughly reviewed this Agreement with its attorney, and has received satisfactory explanations from its attorney concerning each paragraph of this Agreement and alternatives available to it other than entering into this Agreement. After conferring with its attorney and considering all available alternatives, DSBD has made a knowing and voluntary decision to enter into this Agreement.

## VOLUNTARY PLEA

14. DSBD's decision to enter into this Agreement and to tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Agreement. The United States has made no promises or representations to DSBD as to whether the Court will accept or reject the recommendations contained within this Agreement.

## VIOLATION OF PLEA AGREEMENT

15. DSBD agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that it has failed to provide full and truthful cooperation, as described in Paragraph 2 of this Agreement, or has otherwise violated any provision of this Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Agreement (except its obligations under this paragraph), and DSBD shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Agreement. DSBD agrees that, in the event that the United States is released from its obligations under this Agreement and brings criminal charges against it for any offense referred to in Paragraph 3 of this Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Agreement.

16. DSBD understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Agreement based on DSBD's violation of the Agreement, any documents, statements, information, testimony, or evidence provided by it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, DSBD unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

17. This Agreement constitutes the entire agreement between the United States and DSBD concerning the disposition of the criminal charge contained in this case. This Agreement cannot be modified except in writing, signed by the parties.

18. The undersigned is authorized to enter this Plea Agreement on behalf of DSBD as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Agreement.

19. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Agreement on behalf of the United States.

Dated: 4/23/12                                             Respectfully submitted,

_____
DSBD, LLC
By: DAVID BUTLER

_____
PAUL SHECHTMAN, ESQ.
Counsel for DSBD, LLC

_____
BRYAN C. BUGHMAN
JOHN W. MCREYNOLDS
DEBRA C. BROOKES
CHARLES V. REILLY
Trial Attorneys, Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, New York 10278
(212) 335-8041

**EXHIBIT A**

**GUARANTEE OF PAYMENT OF CORPORATE FINE**

In consideration of the attached Plea Agreement between the United States and DSBD, LLC, I, DAVID M. FARBER, a Member of DSBD, LLC, do knowingly and voluntarily agree that I will act as guarantor to the United States for payment of a corporate fine that may be imposed upon DSBD, LLC, pursuant to the attached Plea Agreement. As guarantor, I agree that in the event that DSBD, LLC fails to pay part or all of the corporate fine that may be imposed upon it by the Sentencing Court pursuant to the attached Plea Agreement (for whatever reason, including, but not limited to, the bankruptcy or dissolution of DSBD, LLC, or any other event that would prevent payment of part or all of a corporate fine by DSBD, LLC) I will make such payment or payments.

I agree that the exclusive jurisdiction and venue for any dispute arising between the United States and me with respect to this Guarantee shall be the United States District Court for the District of New Jersey, and that any such dispute will be governed by and interpreted in accordance with the laws of the United States. I agree to indemnify the United States against all losses, costs, and expenses incurred in connection with the enforcement of this Guarantee against me.

I have read this Guarantee and reviewed it with my attorney. I understand it, and I voluntarily agree to it.

BY: _____  DATED: 4/22/2012
DAVID M. FARBER

10

## **EXHIBIT B**

### GUARANTEE OF PAYMENT OF CORPORATE FINE

In consideration of the attached Plea Agreement between the United States and DSBD, LLC, I, DAVID BUTLER, a Member of DSBD, LLC, do knowingly and voluntarily agree that I will act as guarantor to the United States for payment of a corporate fine that may be imposed upon DSBD, LLC, pursuant to the attached Plea Agreement. As guarantor, I agree that in the event that DSBD, LLC fails to pay part or all of the corporate fine that may be imposed upon it by the Sentencing Court pursuant to the attached Plea Agreement (for whatever reason, including, but not limited to, the bankruptcy or dissolution of DSBD, LLC, or any other event that would prevent payment of part or all of a corporate fine by DSBD, LLC) I will make such payment or payments.

I agree that the exclusive jurisdiction and venue for any dispute arising between the United States and me with respect to this Guarantee shall be the United States District Court for the District of New Jersey, and that any such dispute will be governed by and interpreted in accordance with the laws of the United States. I agree to indemnify the United States against all losses, costs, and expenses incurred in connection with the enforcement of this Guarantee against me.

I have read this Guarantee and reviewed it with my attorney. I understand it, and I voluntarily agree to it.

BY: _____        DATED: 4/23/12
    DAVID BUTLER

## EXHIBIT C

## CORPORATE RESOLUTION

I, the undersigned Member of DSBD, LLC, a New Jersey corporation ("the Corporation"), hereby certify as follows:

In lieu of a Meeting of the Members of the Corporation, all of the Members, in accordance with the Corporation's By-Laws, have unanimously consented in writing to adopting the following recitals and resolutions and the same have not been revoked, cancelled, annulled or amended in any manner and are in full force and effect on the date of this Resolution:

WHEREAS, the Corporation is expected to be charged with violating 15 U.S.C. § 1 in the proceeding known as UNITED STATES OF AMERICA v. DSBD, LLC;

WHEREAS, the Corporation has decided that it is in the best interests of the Corporation to consent to a Plea Agreement with the UNITED STATES OF AMERICA to be filed in the United States Court for the District of New Jersey, for good and fair consideration;

NOW, THEREFORE, IT IS

RESOLVED: That in furtherance of the corporate purposes of the Corporation, and there being nothing contrary in the Articles of Incorporation and By-Laws, the Members of the Corporation and the Corporation hereby consent to enter into the Plea Agreement as described more fully in the annexed Plea Agreement, pursuant to the terms and conditions of said agreement and the schedules, exhibits and addenda attendant therewith.

IN WITNESS WHEREOF, I have hereunto set my hand on the date indicated below.

DSBD, LLC

By: _____     Date: 4/23/12
    David Butler
    Member